UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BEXAR DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
| Plaintiff, | § | |
| v. | § | Cause No. 5:24-cv-1394 |
| | § | |
| BEXAR COUNTY | § | |
| Defendants. | § | |

**ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Jane Doe (filing under a pseudonym because the allegations include defamation), complains of Bexar County, Texas ("Bexar County"), and would show:

INTRODUCTION

1. This is a civil action for injunctive relief, damages, and other appropriate remedies to address unlawful employment practices perpetrated by Bexar County, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., which prohibits discrimination, retaliation, and the creation of a hostile work environment based on race, sex, and other protected characteristics.

2. Plaintiff, Ms. Doe, seeks redress for differential treatment, retaliation, and termination that resulted from her opposition to discriminatory conduct and her exercise of federally protected rights under Title VII.

3. Additionally, Plaintiff seeks injunctive relief to address and prevent the ongoing harm caused by defamatory statements made or likely to be made by Defendant, its employees, and agents. These statements, including false accusations of misconduct, have the potential to damage Plaintiff's reputation, impede her ability to secure future employment, and further retaliate against her for asserting her rights under Title VII. Preventing the

dissemination of such harmful misinformation is essential to protecting Plaintiff's professional and personal integrity.

## JURISDICTION

4. This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

5. This Court has supplemental jurisdiction over Plaintiff's state law defamation claim pursuant to 28 U.S.C. § 1367(a) because the claim arises out of the same set of facts and circumstances as Plaintiff's federal claims under Title VII. The state law claim is so closely related to the federal claims that it forms part of the same case or controversy under Article III of the United States Constitution. Supplemental jurisdiction is appropriate to promote judicial economy, convenience, and fairness to the parties.

## PARTIES

4. Plaintiff, Ms. Doe, is a resident of Bexar County, Texas, and was employed by Bexar County from October 2017 until her unlawful termination in February 2024.

5. Defendant, Bexar County, is a political subdivision of the State of Texas, engaged in commerce and employing more than 15 employees at all relevant times, thereby qualifying as an "employer" under 42 U.S.C. § 2000e(b).

6. Defendant is subject to the jurisdiction of this Court and may be served through the Bexar County Judge's office.

## ALLEGATIONS OF FACT

7. Ms. Doe began her employment with Bexar County in October 2017 and transitioned to the Department of Military and Veterans Services on November 8, 2021. Throughout her tenure, she demonstrated commitment and competence in her roles.

8. In January 2022, Ms. Doe was required to share lodging accommodations during a business trip, despite having previously reported one of the assigned roommates, Suehan Valle, for sexual harassment. This arrangement exacerbated an already hostile work environment and caused Ms. Doe significant distress. Further, during a subsequent business trip in June 2022, Ms. Doe experienced an invasion of privacy when her supervisor, Nancy Taguacta, entered her hotel room late at night and left a room key on her bedside table. These incidents were reported to management, but no remedial actions were taken, further evidencing the perpetuation of a hostile and unsafe workplace.

9. Additionally, between April 2022 and December 2022, Ms. Doe endured repeated sexually explicit remarks and comments about her appearance from Ms. Taguacta, which were also disregarded by her supervisors and HR personnel. These behaviors, coupled with retaliatory actions against Ms. Doe for reporting such misconduct, created an intolerable work environment.

10. In December 2022, Ms. Doe reported discriminatory remarks made by the interim director and her assistant regarding a co-worker's disability and for their racially charged comments about employees.

11. Following this report, Ms. Doe faced retaliation, including a three-day suspension in January 2023 for insubordination and verbal abuse—allegations later disproven by recordings. The suspension constituted an adverse action intended to deter her protected activity.

12. After the suspension, Ms. Doe experienced intensified scrutiny of her work and received no support or follow-up from human resources or the county Ombudsman, despite her complaints about retaliatory treatment.

13. In April 2023, Ms. Doe requested reassignment to a satellite location due to ongoing mistreatment by the director. This reassignment, motivated by harassment, illustrates the creation of a hostile work environment.

14. In June 2023, Ms. Doe and another female employee were nominated for Veteran Service Officer certification. Despite their recommendation, Bexar County delayed access to certification and provided only partial training opportunities, in contrast to the full certification historically granted to male employees. This constitutes sex-based discrimination.

15. Following Ms. Doe's formal complaints, Bexar County released a policy in November 2023 removing the certification requirement for Veteran Service Officers. The timing of this policy change suggests retaliatory intent to neutralize Ms. Doe's grievances.

16. In January 2024, Ms. Doe reported inappropriate conduct by her new supervisor, Lloyd Kuykendoll, including sexually inappropriate comments toward female clients. Instead of addressing her concerns, Kuykendoll retaliated by questioning her marital status and dismissing her reports as "women-related issues."

17. In February 2024, Ms. Doe was terminated without explanation, communicated by an individual associated with prior discrimination complaints she had filed. The timing and circumstances of her termination strongly suggest retaliatory discharge in response to her opposition to discrimination.

18. Defendant's actions, including but not limited to, differential treatment, denial of professional opportunities, creation of a hostile work environment, and retaliatory termination, violate Ms. Doe's rights under Title VII.

## COUNTS

### COUNT I: DISCRIMINATION BASED ON SEX
### IN VIOLATION OF TITLE VII

17. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

18. Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against individuals with respect to compensation, terms, conditions, or privileges of employment because of their sex. 42 U.S.C. § 2000e-2(a).

19. Defendant engaged in unlawful employment practices against Plaintiff by denying her full access to professional development and training opportunities, which were historically afforded to male employees, and subjecting her to differential treatment in retaliation for opposing workplace discrimination.

20. Defendant's actions resulted in adverse employment consequences for Plaintiff, including denial of career advancement and professional development opportunities.

21. As a direct and proximate result of Defendant's actions, Plaintiff suffered economic losses, emotional distress, reputational harm, and other damages.

### COUNT II: HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF TITLE VII

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

23. Title VII prohibits the creation of a hostile work environment based on an employee's sex, race, or other protected characteristics. 42 U.S.C. § 2000e-2(a).

24. Defendant's conduct, including but not limited to, ongoing harassment by supervisory personnel, inappropriate scrutiny, dismissal of complaints, and sexually inappropriate

behavior by Plaintiff's supervisor, created a workplace permeated with hostility, intimidation, and retaliation.

22. Defendant, through its agents and supervisors, engaged in a pattern of behavior that subjected Plaintiff to unwelcome and offensive conduct based on her sex, including but not limited to requiring Plaintiff to share hotel accommodations with an individual she previously reported for sexual harassment; allowing supervisors to make inappropriate and sexually explicit remarks about Plaintiff's appearance and physical attributes; failing to address Plaintiff's reports of sexual harassment and invasion of privacy, thereby condoning and perpetuating the hostile work environment.

25. Defendant failed to take prompt or adequate remedial action to address Plaintiff's complaints, exacerbating the hostile work environment and making Plaintiff's working conditions intolerable.

26. As a result of Defendant's failure to address these issues, Plaintiff experienced emotional distress, reputational harm, and physical and mental anguish.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

28. Title VII prohibits retaliation against employees who oppose unlawful employment practices or participate in investigations of such practices. 42 U.S.C. § 2000e-3(a).

29. Plaintiff engaged in protected activity by reporting discriminatory comments, harassment, and other unlawful practices to Defendant and the EEOC.

30. Defendant retaliated against Plaintiff by suspending her, subjecting her to heightened scrutiny, denying her professional opportunities, and ultimately terminating her employment without valid justification.

31. Defendant's retaliatory actions were intended to discourage Plaintiff and others from engaging in protected activity under Title VII.

32. As a direct and proximate result of Defendant's retaliation, Plaintiff suffered lost wages, loss of professional reputation, emotional distress, and other damages.

## COUNT IV: WRONGFUL TERMINATION
## IN VIOLATION OF TITLE VII

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

34. Title VII prohibits termination of an employee based on their sex, retaliation for engaging in protected activity, or opposition to discriminatory practices.

35. Defendant's termination of Plaintiff was pretextual, motivated by her complaints of discrimination, and intended to punish her for engaging in protected activity.

36. The termination occurred under suspicious circumstances closely following Plaintiff's opposition to discriminatory conduct and her reports to the EEOC.

37. As a direct and proximate result of Defendant's wrongful termination, Plaintiff suffered financial losses, loss of professional opportunities, emotional distress, and other damages.

## COUNT V: DEFAMATION AND REQUEST FOR INJUNCTIVE RELIEF
## UNDER TEXAS LAW

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 16 as though fully set forth herein.

39. Under Texas law, a claim for defamation requires proof that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with negligence or actual malice regarding the truth of the statement; and (4) the statement caused damages to the plaintiff.

40. Defendant, through its employees and agents, has made or is reasonably likely to make false, defamatory statements about Plaintiff to third parties, including but not limited to, future potential employers.

41. These statements, which include but are not limited to allegations of insubordination and verbal abuse, are untrue and were made with the intent to harm Plaintiff's reputation, interfere with her professional opportunities, and retaliate against her for opposing unlawful employment practices.

42. Defendant's conduct demonstrates actual malice, as the statements were made with knowledge of their falsity or reckless disregard for their truth.

43. Plaintiff has suffered or will suffer damages as a result of Defendant's defamatory statements, including but not limited to, reputational harm, emotional distress, and impairment of her ability to secure future employment.

44. Plaintiff seeks injunctive relief to prevent further irreparable harm caused by the continued publication of defamatory statements. Specifically, Plaintiff requests that this Court enjoin Defendant, its employees, and its agents from making or publishing any false or defamatory statements about Plaintiff to any third party, including but not limited to, future potential employers.

45. Plaintiff has no adequate remedy at law to prevent the ongoing and future harm caused by Defendant's defamatory statements, and injunctive relief is necessary to preserve Plaintiff's rights and reputation.

CONCLUSION

For these reasons, Plaintiff respectfully asks this Court to:

1. Enjoin Defendant and its agents from engaging in defamation of Plaintiff by sharing allegations of insubordination or verbal abuse with third parties, including by not limited to potential future employers.

2. Award damages.

3. Award attorney's fees.

4. Award all other relief to which Plaintiff is entitled at law or in equity.

DATED: December 6, 2024

Respectfully submitted,

 /s/ Brian McGiverin
Brian McGiverin
Texas Bar No. 24067760
brian@austincommunitylawcenter.org

AUSTIN COMMUNITY LAW CENTER
2080 E. Ben White Blvd, Ste 240 PMB 5960
Austin, TX 78741
Telephone: (512) 596-0226
Fax: (512) 597-0805

ATTORNEY FOR PLAINTIFF